

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2006

# In Re: Carroway

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Carroway " (2006). *2006 Decisions*. Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-261                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-3001
_____

IN RE: DAVID CARROWAY,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District Court of New Jersey
(Related to D. N.J. Civ. No. 06-cv-00614)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
June 29, 2006

Before: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES.

(Filed: July 21, 2006)
_____

OPINION
_____

PER CURIAM

David Carroway filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his

civil rights in connection with the open-court publicizing of his status as an informant on

two separate occasions in the Superior Court of New Jersey. At the time of the incidents,

Carroway was appearing before the court in criminal proceedings pending against him.

His complaint was dismissed for failure to state a claim by the United States District

Court for the District of New Jersey. The District Court found that all named defendants

were immune from suit under the Eleventh Amendment or judicial or prosecutorial immunity.

Carroway has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 asking us to direct the New Jersey Attorney General's Office to "proceed with an investigation of the actions, inactions, [and] behaviors" of the defendants in his civil suit. The "scope of the investigation" should "encompass the necessary remedies," including, "the dismissal of criminal charges for all violations charged to the Petitioner." Carroway also asks that we "order the Superior Court of New Jersey, the Superior Court of Morris County, the Superior Court of Union County, and [t]he Honorable Joseph A. Falcone, and [Prosecutor] Victor R. Jusino, Esq., to recuse themselves from . . . Petitioner's criminal matters." Petition at 4, 9.

Mandamus is a "drastic remedy" which is generally used only to "'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (citations omitted). Only "'exceptional circumstances amounting to a judicial "usurpation of power"'" warrant the use of this extraordinary remedy. Id. (citation omitted). The relief sought by Carroway is well outside the scope of the writ.

To the extent that Carroway's requests for relief may be read as asking us to reverse the District Court's dismissal of his complaint, this petition is not the proper vehicle. To be entitled to the writ, a petitioner must show that there are no other adequate

2

means to obtain the relief sought. See Oracare DPO, Inc. v. Merin, 972 F.2d 519, 522-23 (3d Cir. 1992). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). Here, Carroway has an alternate means to raise his challenge to the District Court's ruling in the form of an appeal. Indeed, Carroway appealed the District Court's decision and his appeal is currently pending. See C.A. No. 06-3087.

Accordingly, we will deny the petition.