

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2006

# Carroway v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Carroway v. State of NJ" (2006). 2006 Decisions. Paper 315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-346                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-3087
_____

DAVID O. CARROWAY,
Appellant

v.

STATE OF NEW JERSEY;
SUPERIOR COURT OF THE STATE OF NEW JERSEY;
MORRIS COUNTY SUPERIOR COURT;
UNION COUNTY SUPERIOR COURT;
J.S.C. JOSEPH A. FALCONE;
VICTOR R. JUSINO, ESQ., ASST. PROSECUTOR;
MORRIS COUNTY PROSECUTOR'S OFFICE;
UNION COUNTY PROSECUTOR'S OFFICE;
HONORABLE J.S.C. JOHN S. TRIARSI;
DAVID HAMMEL, ESQ., ASST. PROSECUTOR

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-CV-00614)
District Judge:  Honorable Joel A. Pisano

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed: October 18, 2006)

_____

OPINION

_____

PER CURIAM

David O. Carroway appeals from an order of the United States District Court for the District of New Jersey, dismissing his complaint with prejudice for failure to state a claim upon which relief may be granted. We will similarly dismiss the appeal pursuant to 28 U.S.C. § 1915(e).

Carroway filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in connection with the open-court publicizing of his status as an informant on two separate occasions in the Superior Court of New Jersey. At the time of the incidents, Carroway was appearing before the court in criminal proceedings pending against him.

During the first instance, Carroway's attorney met in chambers with the Judge and the Assistant Prosecutor. Carroway's attorney informed the other two that Carroway was cooperating with law enforcement in another jurisdiction in a murder case. Carroway states that the defendants then stated that he was an informant in a murder case in open court, before other prisoners and spectators. He argued that this disclosure violated his Sixth Amendment rights to attorney client privilege, violated his rights to equal protection and due process, and led him to being harassed, threatened, assaulted, and living in fear for his life.

2

On the second incident, Carroway appeared in another court on a burglary charge. Carroway alleges that the Judge disclosed that he was an informant in open court in front of corrections officers. Carroway states that word of the disclosure got back to other prison staff and inmates, leading to his harassment, assault, and to his suffering extreme mental anguish and living in fear for his life. Carroway argues that the disclosure of the information, received from his attorney, violated his Sixth Amendment right to effective counsel, equal protection of the law, due process, and subjected him to cruel and unusual punishment. Carroway also alleges that canons of judicial ethics were breached on both occasions.

Carroway sued the State of New Jersey, the Honorable Joseph A. Falcone, two Assistant Prosecutors, the Honorable John S. Triarsi, the Superior Court of the State of New Jersey, Morris County Superior Court, Union County Superior Court, the Morris County Prosecutor's Office, and the Union County Prosecutor's Office. His complaint was dismissed for failure to state a claim by the United States District Court for the District of New Jersey. The District Court found that all named defendants were immune from suit under the Eleventh Amendment or judicial or prosecutorial immunity.

We agree with the District Court's dismissal of Carroway's claims against the State of New Jersey, the Superior Court of New Jersey and the Morris and Union County Courts on the ground that those defendants are immune from suit under the Eleventh Amendment. As the District Court correctly stated, the Eleventh Amendment applies to § 1983 claims. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The

3

Eleventh Amendment bars suits against states. See Bolden v. SEPTA, 953 F.2d 807, 813 (3d Cir. 1991). We further agree that the Superior Court of New Jersey and the Morris and Union County courts are part of the judicial branch of New Jersey and are thus immune pursuant to the Eleventh Amendment. Johnson v. State of New Jersey, 869 F. Supp. 289, 296-98 (D. N.J. 1994). In any event, none of these courts is a "person" subject to liability under § 1983. See Will, 491 U.S. at 71.

We agree that because the two state court judges named in the complaint were acting in a judicial capacity at Carroway's hearings, they enjoy absolute judicial immunity for their acts. Dennis v. Sparks, 449 U.S. 24, 27 (1980). Furthermore, the claims against the two Assistant Prosecutors were subject to dismissal under the doctrine of absolute immunity, because there is no indication that they were acting outside their prosecutorial roles. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

For the above reasons and those stated by the District Court, we will dismiss the appeal for failure to state a claim upon which may be granted.[1]

---

[1]Carroway's motion for appointment of counsel; and his motion for bail, construed as a motion for bail pending appeal, are denied as moot. To the extent he seeks to have this Court set bail for his state court criminal proceedings, we decline to intercede in the state court proceedings. See Younger v. Harris, 401 U.S. 37 (1971). We similarly deny Carroway's motion for an injunction by applying the Younger abstention doctrine. "For the Younger doctrine to apply, state court proceedings must be pending or ongoing, the state proceedings must implicate an important state interest, and the state proceedings must afford an adequate opportunity to raise constitutional issues." Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). We find all three requirements to be satisfied here.

4