

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2007

# In Re: Carroway

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Carroway " (2007). *2007 Decisions*. Paper 1676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5129
_____

IN RE: DAVID O. CARROWAY,
Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civil No. 06-cv-00614)
_____

Submitted Under Rule 21, Fed. R. App. P.
January 19, 2007

Before: RENDELL, SMITH and JORDAN, <u>Circuit Judges</u>

(Filed: February 5, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

For a second time, David Carroway petitions this court to issue a writ of

mandamus that would intervene in the process of criminal proceedings in the New Jersey

state courts. We once again deny his petition.

Carroway filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his civil

rights in connection with the open-court publicizing of his status as an informant on two

separate occasions in the Superior Court of New Jersey. At the time of the incidents,

Carroway appeared before the Superior Court in criminal proceedings against him. The

United States District Court for the District of New Jersey dismissed Carroway's

complaint, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.[1]  Carroway

appealed the district court's decision. This court later dismissed Carroway's appeal under

§ 1915(e)(2)(B).  See Carroway v. State, No. 06-3087, slip op. (3d Cir. Oct. 18, 2006).

During the pendency of his appeal, Carroway also submitted his first mandamus petition.

We denied that petition, noting that the relief Carroway sought was well beyond the scope

of mandamus relief.  See In re: David Carroway, 188 Fed. Appx. 69, 70 (3d Cir. 2006).

We further noted that, regardless of the relief sought, Carroway's appeal of the district

court's decision was still pending, permitting him adequate means to seek the relief he

desired.  See id.

Carroway has filed his current petition for writ of mandamus pursuant to the All

Writs Act, 28 U.S.C. § 1651(a), asking this court to:

- Direct the United States and New Jersey Attorneys General to conduct investigations of various due process violations in his case and implement all legal remedies required including a dismissal of criminal charges. (Pet. at 2, 19.)

- Reverse the district court's decision to dismiss his previous § 1983 claims and this court's holding affirming that decision.  (Pet. at 6.)

- Reduce the amount of bail that has been set by the state courts.  (Pet. at 16.)

---

[1] The district court found that all named defendants were immune from suit under the Eleventh Amendment or judicial or prosecutorial immunity.

- Order the Disciplinary Committee of the New Jersey Superior Court and the New Jersey Bar Association to disbar various attorneys and state and federal judges that have been involved with his proceedings. (Pet. at 17, 19.)

Mandamus is an appropriate remedy in only the most extraordinary of situations and is traditionally used only to "'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976) (citations omitted); see also Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify use of such a remedy, a petitioner must show that he has (1) "no other adequate means of obtaining the desired relief," and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr, 426 U.S. at 403). "Once these two prerequisites are met, the court's decision whether to issue the writ is largely one of discretion." Id. (citing Kerr, 426 U.S. at 403). "Further, because '[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable,"' a writ of mandamus will only be granted for clear error of law." Sporck, 759 F.2d at 314. Carroway has failed to make any of the prerequisite showings required to confer a writ of mandamus. The relief sought by Carroway is also well outside the scope of the writ.

Accordingly, we will deny Carroway's mandamus petition.

3