CLD-159                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1292
_____

IN RE: TARIQ BELT,
                                              Petitioner,
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 10-cv-02339)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
April 7, 2011

Before:   RENDELL, FUENTES and SMITH, Circuit Judges
_____

OPINION
_____

PER CURIAM

       Petitioner Tariq Belt filed a civil action in United States District Court for the

Middle District of Pennsylvania against the United States Department of Justice, in which

he claimed a violation of his right to privacy and due process because prison officials

opened his Special Mail addressed to a federal judge.  Belt asserted that prison officials

charged him with a misconduct and determined that he should be transferred to another

institution for disciplinary reasons.  Belt sought to have all sanctions imposed voided.

The Bureau of Prisons responded that an internal investigation had revealed that Belt had demanded $15,000 from Chief Judge Ben C. Clyburn of the United States District Court for the District of Maryland. Belt wrote in a letter to Judge Clyburn that failure to pay an alleged debt owed to Belt would result in a "notice of default." On April 14, 2010, Belt was issued an Incident Report charging him with a Code 204A offense – demanding or receiving money or anything of value in return for protection against others. At a Unit Disciplinary Committee hearing, Belt contended that his letter was in regard to a civil case and was not an attempt to extort Judge Clyburn. At his hearing before a Disciplinary Hearing Officer, Belt again maintained that he had a legitimate legal action and that prison authorities were confusing ordinary commercial language with criminal extortion. This argument did not persuade and Belt was adjudicated guilty of the misconduct on the ground that his letter implied that failure to take action made the judge responsible for an alleged private debt. His sanctions included the loss of 27 days of good conduct time and a disciplinary transfer.

In an order entered on January 31, 2011, the District Court denied the petition. The court reasoned that there was no basis for a writ of habeas corpus, 28 U.S.C. § 2241, to issue with respect to the sanctions imposed. There was no denial of procedural due process, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), in that Belt had a full and fair disciplinary hearing, and there was sufficient evidence to support the DHO's adjudication of guilt. To the extent that Belt sought to challenge the handling of his legal mail, federal habeas relief was unavailable because his claim concerned the conditions of confinement. Belt then filed a motion for reconsideration and a motion to stay the disciplinary transfer.

2

In an order entered on March 28, 2011, the District Court denied reconsideration and denied the motion to stay the transfer as moot.

Meanwhile, on February 7, 2011, Belt filed a petition for writ of mandamus in this Court, in which he stated: "This action arises out of continuous clerk's office misdesignation of nature & cause of action in civil cover sheets even over express objection of, & completed civil cover sheet provided by, me…." Although Belt's petition is not entirely clear, it appears that he blames the District Court Clerk's Office for improperly designating his civil action. In his mandamus petition, Belt asked for an order from us directing the Clerk's Office to respect his case designations, and he asked that we require the District Court Clerk's Office to provide proof that it has respected his future designations.

In addition to his mandamus petition, Belt filed a motion in this Court to stay his disciplinary transfer; a motion to stay all matters pertaining to him until he arrives at his new facility; a motion for "reconsideration," in which he asked that all orders be binding on the custodian at his new facility; a motion pursuant to Rule 60(b) in which he stated that he was in transit to his new facility and no longer desired a stay but he wanted this Court to retain jurisdiction; a motion in which he asked for the appellate fee schedule and docketing designation forms; and a motion for release pending decision. Following the submission of these motions, our Clerk granted Belt leave to proceed in forma pauperis.

The United States responded to Belt's motion to stay the transfer, contending that it should be denied. The government asserted that Belt is currently confined at FCI - Terre Haute in Indiana. At the time of the filing of his habeas corpus petition, he was

confined in the Special Housing Unit of LSCI – Allenwood in Pennsylvania, but prison authorities transferred him to Terre Haute on February 11, 2011.  Acknowledging that Belt had an appeal pending in this Court in a different habeas corpus case at the time of this transfer, see D.C. Civ. No. 10-cv-1398, and noting that Federal Rule of Appellate Procedure 23(a) requires an order of court authorizing a transfer pending review of a decision in a habeas corpus proceeding, the government stated that it would agree to substitute the Warden of Belt's new prison as the custodian for his appeal at C.A. No. 10-3167, and to be bound by our judgment.

We note that, on October 28, 2010, we dismissed Belt's appeal at C.A. No. 10-3167 for lack of a final and appealable order, explaining that the District Court's order directing Belt to either submit the filing fee or an application to proceed in forma pauperis was not an appealable final order because Belt could proceed with his action in the district court by reinstating his in forma pauperis application.  We denied Belt's petition for rehearing en banc on November 23, 2010.

We will deny the petition for writ of mandamus.  Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law."  A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).  Insofar as Belt used the heading

4

"Petition for a writ of Habeas Corpus" on p.1 of his November 12, 2010 filing in the related action, the District Court Clerk's Office did not improperly designate his petition as one for a writ of habeas corpus by a federal prisoner, see 28 U.S.C. § 2241. Belt's assertion of error on the part of the Clerk's Office is frivolous and he thus has not shown a clear and indisputable right to the writ. Moreover, the case designation used by the Clerk's Office does not in any way bind the District Court.

For the foregoing reasons, we will deny the petition for writ of mandamus. Belt's motion to stay all matters until he arrives at his new facility is denied. His motion seeking the appellate fee schedule and docketing designation forms is denied. We note that the appellate fee schedule is attached to 28 U.S.C. § 1913 and may be viewed there, and there are no appellate docketing designation forms. We deem his motion to stay his disciplinary transfer withdrawn, pursuant to his request. His motion for "reconsideration," in which he asked that all orders be binding on the custodian at his new facility, is denied without prejudice. If Belt appeals the District Court's orders of January 31, 2011 and March 28, 2011 in the related action, he may renew this request in the context of that appeal. Belt's motion pursuant to "Rule 60(b)" is denied to the extent he requested that we retain jurisdiction. Belt's motion for release pending decision is denied.