GLD-018                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3361
_____

IN RE:  TARIQ BELT,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
Middle District Court of the Pennsylvania
(Related to M.D. Pa. Civ. Nos. 10-cv-01652, 10-cv-02339, 10-cv-02642)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 20, 2011
Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 08, 2011)
_____

OPINION
_____

PER CURIAM

Tariq Belt has filed a petition for a writ of mandamus in which he appears to

complain about the adjudication of three cases that he filed in the United States District

Court for the Middle District of Pennsylvania.  For the following reasons, we will deny

the petition.

In August 2010, Belt filed a petition pursuant to 28 U.S.C. § 2241, challenging a

prison disciplinary proceeding at which he was found guilty of accepting money from

another inmate and was sanctioned with the loss of good conduct time.  <u>Belt v. U.S.</u>

Justice Dep't, M.D. Pa. Civ. No. 10-cv-1652.  Then, in November 2010, Belt filed a similar petition, arguing that his due process rights were violated in a disciplinary proceeding which involved a charge of demanding or receiving money or anything of value in return for protection against others.  Belt v. U.S. Federal Gov't, M.D. Pa. Civ. No. 10-cv-2339.  Belt filed a civil rights action in December 2010, alleging that his confinement was unlawful.  Belt v. Bureau of Prisons, M.D. Pa. Civ. No. 10-cv-2642. The District Court denied relief in all three cases and Belt did not appeal.  In his mandamus petition, Belt claims that the District Court in those cases "acted extra-judicially" and he requests a "pronounce[ment] that [he] ha[s] the right to the voiding of all those actions initiated . . . under [his] name."[1]  Essentially, it appears that Belt is attempting to challenge the outcomes in the underlying District Court cases.

A writ of mandamus is an extraordinary remedy.  In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994).  The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ.  See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).  Significantly, mandamus

---

[1] Belt also complains about the way the District Court Clerk's Office designated his filings.  Mandamus Petition, 2 ("No matter what I designated my filings as Clerk or Office of Clerk amended directly or indirectly my filings into that which I did not label them . . . .").  This allegation was the subject of a mandamus petition filed by Belt in February 2011.  The Court denied the petition, holding, inter alia, that "Belt's assertion of error on the part of the Clerk's Office is frivolous and he thus has not shown a clear and indisputable right to the writ."  In re Tariq Belt, C.A. No. 11-1292 (order entered May 3, 2011).  We will not disturb that decision.

is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. Helstocki v. Meanor, 442 U.S. 500, 506 (1979).

Here, Belt had alternate means to challenge the District Court's decisions. In particular, he could have filed notices of appeal. See 28 U.S.C. § 1291. We note that the time for filing appeals from those rulings is governed by the 60-day limit set forth in Fed. R. App. P. 4(a)(1)(B). Belt filed the present mandamus petition well more than 60 days after the District Court denied relief in the cases identified above. Mandamus relief is not appropriate, however, merely because a petitioner "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).

Accordingly, the petition for a writ of mandamus is denied.[2]

---

[2] Belt's motion to proceed in forma pauperis is granted, but his challenge to the Clerk's September 6, 2011, non-compliance order is denied.