972 F.2d 519
 ORACARE DPO, INC.; Oracare Consultants, Inc.; Oracare
Dental Health Center--Vineland N.J., P.A.; Frank
A. Pettisani, D.D.S.
v.
Kenneth D. MERIN, Commissioner of Insurance For the State of New Jersey
Samuel F. Fortunato, Commissioner of Insurance for the State
of New Jersey, successor of the above named defendant,
Kenneth D. Merin, former Commissioner of Insurance for the
State of New Jersey, Appellant.
Samuel F. FORTUNATO, Commissioner of Insurance for the State
of New Jersey, Petitioner,
v.
John C. LIFLAND, United States District Judge for the
District of New Jersey, Nominal Respondent,
and
Oracare Dpo, Inc.; Oracare Consultants, Inc.; Oracare
Dental Health Center--Vineland N.J., P.A.; Frank
A. Pettisani, D.D.S., Respondents.
 Nos. 91-5617 and 92-5309.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) Aug. 3, 1992.
Decided Aug. 14, 1992.
 
 Robert J. Del Tufo, Atty. Gen. of New Jersey, Joseph L. Yannotti, Asst. Atty. Gen., Mary C. Jacobson, Deputy Atty. Gen., Patricia A. Kern, Trenton, N.J., for appellant-petitioner.
 Blank, Rome, Comisky & McCauley A. Fred Ruttenberg, Cherry Hill, N.J., for respondents Oracare DPO, Inc., Oracare Consultants, Inc., Oracare Dental Health Center--Vineland N.J., P.A. and Frank A. Pettisani, D.D.S.
 Before: GREENBERG, ALITO, and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 I.
 BACKGROUND
 
 1
 Samuel F. Fortunato, the Commissioner of Insurance of the State of New Jersey, appeals from an order of the district court entered on June 26, 1991, granting summary judgment in favor of plaintiffs Oracare DPO, Inc. and Oracare Dental Health Center--Vineland, N.J., P.A. (together called "Oracare"). Oracare is a dental plan organization providing dental services on a group basis to employees of other entities. The opinion accompanying the order held that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a), preempted the New Jersey Dental Plan Organization Act, N.J.Stat.Ann. § 17:48D-1 et seq. (West 1985), and the accompanying regulations, N.J.Admin.Code tit. 11, § 10-1.1 et seq. (Supp.1990). Thus, the court held that the commissioner and the New Jersey Department of Insurance would be enjoined from applying the Dental Plan Act and regulations to Oracare's proposed dental plans and rate manual. In addition to appealing, the commissioner seeks a writ of mandamus directed to the district court to compel it to enter a judgment, to which he and Oracare have consented, vacating the district court's order and accompanying opinion. By order of July 1, 1992, we consolidated the petition and the appeal. We will deny the petition and will dismiss the appeal, but we will implement the settlement by exercising our authority under 28 U.S.C. § 2106.
 
 
 2
 We need only summarize the long procedural history of these cases. The matter originated in the district court when Oracare filed suit against the commissioner alleging that his attempt to regulate Oracare was barred by ERISA.[1] The district court in a written opinion held in favor of Oracare and thus entered the order of June 26, 1991, 1991 WL 113149, from which the commissioner appeals.[2] Notwithstanding its success in the district court, Oracare declined to participate in the commissioner's appeal. Instead Oracare chose to comply with the state law and regulations, a decision which ordinarily would have terminated the controversy between the parties and opened the way for dismissal of the appeal.
 
 
 3
 There was, however, an impediment to settlement because the order of June 26, 1991, enjoined the commissioner from enforcing the law and regulations and for this reason the commissioner felt constrained to pursue his appeal. To circumvent this problem, the commissioner and Oracare filed a joint motion in this court for a limited remand of the case to the district court to consider and rule upon their proposed settlement. The motion, however, sought to preserve the commissioner's right to prosecute his appeal in the event that the district court did not approve the settlement. On December 4, 1991, we granted the motion and remanded the matter to the district court.
 
 
 4
 The parties then submitted a "stipulated order of settlement and dismissal" to the district court, which contemplated that the court's June 26, 1991, opinion and order would be vacated and the action would be dismissed. In addition, Oracare agreed not to contend in any state administrative proceeding that the New Jersey Dental Plan Organization Act was preempted by ERISA. But on April 10, 1992, the district court entered a letter order which held that our opinion in Clarendon Ltd. v. Nu-West Industries, Inc., 936 F.2d 127 (3d Cir.1991), precluded it from signing the stipulated order of settlement, because the order included a provision vacating the order of summary judgment. The court further held that even if it had discretion to enter the settlement it would not exercise its discretion to do so. It reasoned that while the commissioner was understandably concerned with the precedential effect of the district court's opinion, "that concern is best dealt with by continuation with the appeal, rather than by vacating an order which was a public act of a public official accomplished at public cost." The court further held that the settlement had not rendered the matter moot.
 
 
 5
 In view of the district court's rejection of the settlement, the commissioner's appeal was activated. In addition, on June 16, 1992, the commissioner filed a petition for mandamus seeking to compel the district court to enter the settlement order.
 
 II.
 ANALYSIS
 
 6
 The district court did not correctly apply Clarendon Ltd. v. Nu-West Industries, Inc. In that case, Clarendon sued Nu-West and obtained a summary judgment for breach of contract predicated on Nu-West's guarantee of a loan by its wholly owned subsidiary. Nu-West appealed and, after briefing was completed, the parties settled the case and filed a joint motion asking that we dismiss the appeal, vacate the district court judgment, and remand the case so that it could be dismissed with prejudice. In our opinion on the motion, we pointed out that, while parties are free to have an appeal dismissed by stipulation without action of the court, if they seek an order that will "vacat[e] an order or opinion of this court or the trial court," they are asking for "a substantive disposition which can be taken only if [we] determine[ ] that such action is warranted on the merits." Accordingly, we could not be bound by a "provision for such action in a settlement agreement." Id. at 129.
 
 
 7
 We then indicated, that while "voluntary settlements should be encouraged, we cannot agree that such a goal overrides the policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated." Id. Thus, in Clarendon we exercised our discretion to deny the motion to the extent it sought an order vacating the district court's opinion. We then held that if the case had become moot it was by virtue of the acts by the parties rather than by reason of circumstances beyond their control. Accordingly, we were not obliged by United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), to vacate the district court judgment and remand with a direction to dismiss. 936 F.2d at 130.
 
 
 8
 Clarendon is clearly distinguishable from the cases now before us. Inasmuch as Clarendon involved a money judgment subject to satisfaction on any basis agreeable to the parties, the judgment was not a legal bar to completion of the settlement. Therefore it seemed to us that the parties had agreed to vacation of the district court order simply so that the defendant could see an adverse precedent vanish. Here, however, the order of the district court of June 26, 1991, enjoined the commissioner from enforcing the New Jersey Dental Plan Organization Act against Oracare which is what the parties have now agreed he may do. See In re Smith, 964 F.2d 636, 638 (7th Cir.1992) (unappealable decisions are vacated "to prevent them from having a preclusive effect" not "to prevent them from having a precedential effect"). Furthermore, the accompanying opinion made it clear that, in the district court's view, the state law could not be enforced.[3] In the circumstances, we regard the district court order and opinion as legal bars to the settlement the parties have concluded. We further note that there is no suggestion of overreaching or impropriety in this case, which involves sophisticated parties represented by independent, experienced counsel.
 
 
 9
 The fact is that while public policy required us to deny the parties' motion in Clarendon to the extent that they sought vacation of the district court's order, here the opposite is true for two reasons. First and foremost, the case cannot as a legal matter be settled on the basis that the Dental Plan Act and regulations will be applicable to Oracare so long as the district court's opinion and order remain undisturbed. Since, as we noted in Clarendon, "voluntary settlements should be encouraged," we are reluctant to force either of the parties to continue the litigation against its will. Second, we are now confronted with an appeal which, while no longer presented as an adversarial proceeding, nevertheless involves important legal questions. Whatever may be our constitutional and jurisprudential power in these circumstances, we are reluctant to decide this case in that procedural posture since neither Oracare nor anyone else presents an argument in favor of affirming the order of June 26, 1991. We therefore conclude that Clarendon is not a bar to entry of the "stipulated order of settlement and dismissal."
 
 
 10
 In view of our foregoing conclusions, it might be thought that we should enter a writ of mandamus directing the district court to enter the settlement order. But this would not be appropriate for, as the Supreme Court has explained, "[t]o ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek...." Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989). See also Communication Workers of America v. American Tel. & Tel. Co., 932 F.2d 199, 208 (3d Cir.1991). The order of April 10, 1992, was appealable immediately upon its entry as it was a post-judgment order which conclusively determined the matter raised in the post-judgment motion. See Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 678 (3d Cir.1986); Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir.1967). Thus, Fortunato had adequate means other than through a writ of mandamus to obtain the relief he seeks.
 
 
 11
 We recognize that it might be urged that the distinction between appeal and mandamus is not consequential in this case. But that is not so, for it is undesirable to have the judge made a litigant, a procedure required in the mandamus proceeding but not in the appeal. See Communication Workers, 932 F.2d at 208. Thus, a petition for a writ of mandamus must never be regarded as an alternative to an appeal; rather, mandamus remains an extraordinary remedy.
 
 
 12
 Furthermore, even if we treated the petition for mandamus as a notice of appeal, we could not review the order of April 10, 1992, for the petition was filed on June 16, 1992, which was beyond the allowable time for appeal under Fed.R.App.P. 4(a)(1). Of course, we will not hold that Fortunato now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire.
 
 
 13
 Notwithstanding our refusal to grant a writ of mandamus and our lack of authority to exercise direct appellate jurisdiction over the order of April 10, 1992, we will enforce the "stipulated order of settlement and dismissal" through a different procedure. Under 28 U.S.C. § 2106, a court may vacate "any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order ... as may be just under the circumstances." The commissioner's direct appeal has lawfully brought the order of June 26, 1991, before us for review. Furthermore, while the parties asked for a remand so that their settlement could be entered by the district court, there is no doubt that they could have sought similar relief from us. Indeed, in Clarendon we entertained an application of exactly the type that the parties here made to the district court on the remand. While it is true that in Clarendon we denied the application, that was only because we deemed it would be inappropriate to grant it in the circumstances of that case. Here, as we conclude otherwise, we approve the "stipulated order of settlement and dismissal."[4]
 
 III.
 CONCLUSION
 
 14
 In view of the foregoing, we will deny the petition for the writ of mandamus and will dismiss the appeal and remand the case to the district court to enter the "stipulated order of settlement and dismissal." The parties will bear their own costs on both the appeal and in the mandamus proceeding.
 
 
 
 [1]
 There were other plaintiffs as well but they are not involved in this appeal and petition
 
 
 [2]
 The opinion and order of the district court were contrary to a final New Jersey administrative adjudication in a proceeding which paralleled that in the district court. The administrative proceeding determined that ERISA did not preempt state regulation of a plan offered by Oracare to Cooper Hospital/University Medical Center
 
 
 [3]
 We are not implying that we have any view on the substantive issues involved in this case
 
 
 [4]
 Inasmuch as the commissioner is barred from mandamus relief since he could have appealed from the order of April 10, 1992, we need not consider whether 28 U.S.C. § 2106 in itself supplies him with a means to seek relief thus barring the granting of mandamus