

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2005

# In Re: Brian Tyson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Brian Tyson " (2005). *2005 Decisions.* Paper 667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3529
_____

IN RE:  BRIAN TYSON,
                                                    Petitioner.
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 04-cv-01173)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
July 29, 2005
BEFORE:   CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES
(Filed: August 22, 2005)
_____

OPINION
_____

PER CURIAM

        Brian Tyson petitions for a writ of mandamus directing the Magistrate

Judge to issue a report and recommendation based on the claims he raised in his habeas

corpus petition.  For the reasons that follow, we will deny the petition.

        Tyson is a Pennsylvania inmate serving a sentence for third degree murder.

On direct appeal, Tyson raised several claims of ineffective assistance of counsel.  While

Tyson's direct appeal was pending, the Pennsylvania Supreme Court decided

1

Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), holding for the first time that claims of ineffective assistance of counsel should be raised in collateral proceedings rather than on direct appeal. Id. at 738. Relying on Grant, the Superior Court affirmed Tyson's conviction but dismissed his claims of ineffective assistance without prejudice to his raising them on collateral review. The Pennsylvania Supreme Court subsequently denied Tyson's petition for allowance of appeal.

While his petition for allowance of appeal was pending before the Pennsylvania Supreme Court, Tyson filed a habeas corpus petition in the District Court. In his habeas petition, he alleged that the Superior Court's application of Grant constitutes an ex post facto and due process violation. The Magistrate Judge to whom the habeas petition was referred concluded that Tyson has not exhausted state court remedies "with respect to his ineffectiveness claims," and recommended dismissing the habeas petition without prejudice. The District Court adopted the Magistrate Judge's report and recommendation, dismissed the habeas petition without prejudice, and declined to issue a certificate of appealability. Tyson filed a notice of appeal; his request for a certificate of appealability is pending in this Court. (Tyson v. Meyers, C.A. No. 05-2601.)

In his mandamus petition, Tyson argues that the Magistrate Judge misconstrued the claims he presented in his habeas petition. He asserts that he is entitled to a report and recommendation based on the claims he actually raised, not on the Magistrate Judge's recharacterization of his claims. Accordingly, he asks us to order the

2

Magistrate Judge to issue such a report and recommendation.

We will deny Tyson's mandamus petition because a writ of mandamus should not issue where relief may be obtained through an ordinary appeal. See Hahnemann University Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996); Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992). Tyson has pursued an appeal, which is the proper procedure for challenging the District Court's dismissal of his habeas petition, including the Magistrate Judge's construction of his claims.