

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Ossie Trader " (2006). *2006 Decisions*. Paper 1523.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1523

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-120                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5241
_____

IN RE: OSSIE ROBERT TRADER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 81-cr-00337-1)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
February 9, 2006
Before:  SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed February 28, 2006)

_____

OPINION

_____

PER CURIAM

Ossie Trader, a federal inmate, filed a petition for a writ of mandamus pursuant to

28 U.S.C. § 1651.  Trader seeks an order 1) directing the District Court to vacate its

October 12, 2005, order denying Trader's previously-filed motion to correct an illegal

sentence, and 2) directing District Court Judge Stewart Dalzell to "disqualify himself"

from all proceedings in this case.  Petition at 2.  Trader also asks that we grant the relief

sought in his original motion.

Mandamus is an "extraordinary remedy" which requires the petitioner to show, among other things, that there are no other adequate means to obtain the relief sought. See Oracare DPO, Inc. v. Merin, 972 F.2d 519, 522-23 (3d Cir. 1992). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). Here, Trader has an alternate means to raise his challenge to the District Court's ruling on his illegal sentence motion in the form of an appeal. Indeed, Trader appealed the District Court decision and his appeal is currently pending. See C.A. No. 05-4723.

Accordingly, the petition for a writ of mandamus is denied. To the extent that Trader's petition includes a motion to expedite our ruling on his petition, the motion is denied.