

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Fonseca v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fonseca v. Sherman" (2006). *2006 Decisions.* Paper 1013.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1013

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO.   06-1499
_____

IN RE: BERALDO FONSECA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 05-cv-0351E)

_____

Submitted Under Rule 21, Fed. R. App. P.
March 10, 2006
Before:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES

(Filed     May 31, 3006)

_____

OPINION

_____

PER CURIAM.

          Pro se petitioner Beraldo Fonseca filed a writ of mandamus challenging the

District Court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2241.  For the following reasons, we will treat the mandamus petition as a notice

of appeal, and will summarily affirm the order of the District Court because this appeal

presents "no substantial question." See 3d Cir. LAR 27.4 and I.O.P. 10.6.

In 1992, a jury in the United States District Court for the Eastern District of Virginia convicted Fonseca of conspiracy to possess and distribute cocaine. The Fourth Circuit Court of Appeals affirmed the conviction and sentence. In 1997, Fonseca filed a motion pursuant to 28 U.S.C. § 2255. The trial court denied relief on the merits. In January 2001, Fonseca filed an application with the Fourth Circuit Court of Appeals for permission to file a second or successive § 2255 motion attacking his conviction and sentence under the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Fourth Circuit denied permission to file the § 2255 motion.

Undeterred, Fonseca filed two § 2241 habeas corpus petitions in the United States District Court for the Western District of Pennsylvania, his district of confinement. The District Court dismissed both petitions, agreeing with the Magistrate Judge that Fonseca could not show that his remedy by § 2255 motion was "inadequate or ineffective" such that he could bring his claims in a § 2241 petition. On appeal, we granted the government's motions for summary affirmance, finding that Fonseca's petitions were properly dismissed.

In November 2005, Fonseca filed another § 2241 petition, alleging that his "indictment was constructively amended, allowing the jury to convict him of 13 (thirteen) uncharged offenses in violation of the Fifth and Sixth Amendments to the Constitution."

2

The Magistrate Judge recommended dismissal of the § 2241 petition, concluding that Fonseca had not complied with the AEDPA gatekeeping requirements of 28 U.S.C. § 2244. By order entered January 4, 2006, the District Court adopted the Magistrate Judge's Report and dismissed the § 2241 petition.

On February 7, 2006, Fonseca then filed the present mandamus petition in which he requests that we direct the District Court to "determine the merits of [his] claims," grant the habeas writ, or vacate the order dismissing his habeas petition. The appropriate means of challenging the District Court's decision is by appeal, not by the filing of a petition for a writ of mandamus. In this connection, if a petitioner can obtain relief by an ordinary appeal, a court generally will not issue the writ. See Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992). Here, however, Fonseca is proceeding pro se, the mandamus petition contains all of the information required under Fed. R. App. P. 3, and the petition was filed within the 60-day limit set by Fed. R. App. P. 4(a)(1)(b). Under these circumstances, we will treat Fonseca's mandamus petition to the extent it seeks mandamus relief, but will treat the petition as a notice of appeal.[1] See In re FMC Corp., 208 F.3d 445, 451 (3d Cir. 2000) (recognizing that a mandamus petition can, in some circumstances, be treated as a notice of appeal).

As the Magistrate Judge explained, Fonseca cannot pursue collateral attack

---

[1] Fonseca's "Motion to Amend and Supplement" the mandamus petition is granted.

3

upon his conviction by way of a § 2241 petition unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  It is settled, however, that § 2255 does not provide an inadequate or ineffective remedy "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). We agree with the Magistrate Judge that Fonseca's claim that his indictment was "constructively amended" is not properly raised in a § 2241 proceeding, as Fonseca cannot show that his remedy by way of a second or successive § 2255 motion is "inadequate or ineffective."

For these reasons, the § 2241 petition was properly denied, and we will affirm the District Court's judgment.

_____