### In re: Omini Onen WILLIAMS, Petitioner.

#### No. 09–4485.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Jan. 7, 2010.

Opinion filed: Feb. 8, 2010.

Omini Onen Williams, Philadelphia FDC, Philadelphia, PA, Anthony G. Kyriakakis, Esq., Office of United States Attorney, Philadelphia, PA, for Petitioner.

Before BARRY, FISHER and ROTH, Circuit Judges.

## OPINION

### PER CURIAM.

In May 2009, Omini Onen Williams was arrested for allegedly possessing and conspiring to distribute 100 grams or more of heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B). The Government filed a motion seeking to detain Williams prior to trial. Following a pretrial detention hearing, a Magistrate Judge denied the Government's motion and ordered that Williams be released on $50,000 bail, subject to various conditions. The Government appealed to the District Court, which determined that Williams had failed to overcome the presumption that no condition or combination of conditions would reasonably assure his appearance. *See* 18 U.S.C. § 3142(e). Williams then filed a motion seeking review of the detention order, which the Government opposed. The District Court denied the motion by order entered July 17, 2009. There was no further action concerning Williams' detention until November 19, 2009, when he filed in this

Court a pro se petition for a writ of mandamus. We will deny the petition.

A writ of mandamus is an extraordinary remedy. *See In re Pasquariello,* 16 F.3d 525, 528 (3d Cir.1994). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. *See Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In addition, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. *See In re Ford Motor Co.,* 110 F.3d 954, 957 (3d Cir.1997).

In this case, Williams had an alternate means to challenge the District Court's denial of his motion seeking review of the detention order. In particular, Williams could have filed a notice of appeal. *See* 18 U.S.C. § 3145(c) (providing that "[a]n appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28"); Fed. R.App. P. 9(a) (specifying documents that must filed with the court of appeals by a party appealing an order regarding release or detention). We note that the time for filing an appeal from a ruling on a detention order is governed by the 10-day limit set forth in Fed. R.App. P. 4(b)(1)(A). *See United States v. Kolek,* 728 F.2d 1280, 1281 (9th Cir.1984). Williams filed the mandamus petition approximately four months after the District Court denied his motion seeking review of the detention order. Mandamus relief is not appropriate, however, merely because a petitioner "allowed the time for an appeal to expire." *Oracare DPO, Inc. v. Merin,* 972 F.2d 519, 523 (3d Cir.1992).

Accordingly, the petition for a writ of mandamus is denied. We also deny Petitioner's "Motion for Counsel of Record to Withdraw," which raises a matter that would properly be adjudicated in the District Court.