GLD-052                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4074
_____

IN RE:  DARREL RIVIERE,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court for the District of the Virgin Islands
(Related to Civ. No. 1-00-cv-00116)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2010

Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed: December 13, 2010)
_____

OPINION
_____

PER CURIAM

Darrel Riviere, a prisoner incarcerated at FCI Williamsburg proceeding *in forma pauperis*, petitions for a writ of mandamus to compel the District Court to issue trial transcripts for use in a collateral attack on his conviction and sentence.  For the following reasons, we will deny the petition.

Riviere is serving a 360-month term for Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841.  See United States v. Riviere, 185

F.3d 864 (3d Cir. 1999) (table). In his instant petition, he alleges that the District Court's failure to provide transcripts thwarted his various attempts to seek relief based on counsel's alleged ineffectiveness at sentencing.[1] He argues that "failure to receive the sentencing transcript was prejudicial" to his attempt to raise a Fed. R. Crim. P. 32(i)(3)(B) violation on direct appeal, and weakened the motion he filed under 28 U.S.C. § 2255.[2] He thus asks that we "[c]ompel the District Court of the Virgin Islands to . . . [p]rovide [him] with a copy of [his] Sentencing Transcript" pursuant to 18 U.S.C. § 3006A.

Mandamus is reserved for "extraordinary situation[s]." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (U.S. 1980). It is "not to be used as a substitute for appeal," Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964), and is especially disfavored when its use "threaten[s] the [congressional] policy against piecemeal appeals," see In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) (citations omitted). We therefore require a party seeking mandamus to show 1) that he has no other adequate means of obtaining the desired relief and 2) that his right to issuance is "clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Expiration of appellate rights, however, does not necessarily suffice to show a lack of alternative forms of relief. See Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) ("[W]e will not hold that

---

[1] Riviere acknowledges the existence of a June 23, 1997 Order granting transcripts, but claims they were never received—and, alternatively, says that he was sent the sentencing transcripts of a co-defendant by mistake.

[2] The § 2255 motion was denied in September of 2001. See Memorandum Denying § 2255 Petition, Riviere v. United States, No. 2000/0116 (filed Sept. 25, 2001).

[petitioner] now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire.").

Riviere can make neither showing. To the extent that the District Court failed to provide transcripts in his 28 U.S.C. § 2255 action, he should have raised the matter on appeal. However, he did not pursue an appeal, and the time to do so has long since expired. See Riviere v. United States, No. 05-2299 (3d Cir. Aug. 16, 2005) (dismissing untimely notice of appeal filed after serial motions for reconsideration). Accordingly, we will deny Riviere's petition.