ELD-001-E                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3733
_____

IN RE:   ROBERT LAURENCE GAVETT, SR.;
            ROBERT LAURENCE GAVETT, JR., Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil Action No. 10-cv-04084)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 5, 2011

Before: AMBRO, JORDAN and NYGAARD, Circuit Judges

(Opinion filed: October 6, 2011)
_____

OPINION
_____

PER CURIAM

In the United States District Court for the District of New Jersey, the Government

filed a complaint against Robert Laurence Gavett, Sr. ("Gavett"), seeking to foreclose on

federal tax liens and judgment liens against real property known as 26 Steinmetz Road,

Hillsborough, New Jersey ("the Hillsborough property").[1]   In response, Gavett filed an

answer and various counterclaims (among them, claims of fraud, racketeering, and inland

_____

[1] The Government also served the complaint on Robert Laurence Gavett, Jr., Gavett's
son, and Sheryl Ann Gavett, Gavett's daughter-in-law, when Gavett stated in his answer

piracy). The Government filed a motion to dismiss the counterclaims and a motion for summary judgment. The District Court granted the motions, citing an earlier District Court case (E.D. Pa. Civ. No. 02-cv-03698) in which Gavett's tax liability was established; 26 U.S.C. § 7403, which allows suits to subject property to the payment of tax where there has been a refusal to pay tax; and its conclusions that Gavett's refusal to pay taxes due was undisputed and Gavett's ownership of the Hillsborough property was clear. In May 2011, the District Court entered judgment in favor of the Government and ordered the sale of the Hillsborough property.

Gavett then filed a document (that he described as a notice in the nature of a writ of error coram nobis) in which he challenged the jurisdiction of the District Court, calling the District Court a "foreign state," among other things; challenged the Government's capacity to sue; and purported to vacate the District Court's judgment and to strike it from the record. The District Court construed the document as a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, and denied it as not based on any valid legal authority. Gavett apparently has submitted additional documents in an effort to challenge and strike the District Court's judgment, but no appeal has been docketed.

In this Court, Gavett presents a petition for writ of mandamus.[2] In an effort to stay the sale of the Hillsborough property, he asks us to summarily reverse the District Court's orders. He maintains that the District Court was without jurisdiction to rule on the case,

_____

that the Hillsborough property had been transferred to them.

[2] Although we recognize that his son is also a signatory to the mandamus petition, we

2

contending among other things that the District Court Judge is not really an Article III judge with the power to preside over his case and that the District Court is not really an Article III court. Gavett also maintains that the District Court Judge was biased against him, noting, in particular, the District Court Judge's decision to remove from the docket one of Gavett's apparent efforts to strike the judgment against him from the record.

In addition, Gavett lists 20 issues relating to duties he contends that he was owed by the Clerk of the District Court (relating to docketing issues), the District Court (relating to taking notice of facts in the case, not issuing orders in the case, not applying the law in favor of the Government, not characterizing differently the document Gavett described as a writ of coram nobis, and giving all process that was due in the case), and us (relating to our consideration of all of Gavett's objections in the District Court and all of the facts in the record, as well as our alleged obligation to cure the purported absence of Article III district courts).

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (citations and internal quotations omitted). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is

---

will refer only to Gavett for convenience.    3

appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotations, alteration, and citation omitted).

Largely, Gavett presents claims that he could have presented on appeal, though they have every appearance of being legally frivolous. Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). If an ordinary appeal would afford the petitioner the relief sought, a court will not issue a writ of mandamus. See Helstocki v. Meanor, 442 U.S. 500, 506 (1979). In this case, no appeal was docketed after the District Court ruled in May 2011. Accordingly, we note (without ruling on the issue) that it may no longer be possible for Gavett to perfect a timely appeal. However, mandamus relief for claims that could have been brought on appeal does not become available just because the time for appeal has lapsed. Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) (stating that "we will not hold that [a litigant] now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire").

We also reject Gavett's jurisdictional arguments as plainly without merit. The United States District Court for the District of New Jersey clearly is an Article III court that had jurisdiction over suit brought against Gavett by the Government, and the District Court Judge who ruled on the matter clearly is an Article III judge. There is not the absence of Article III district courts that Gavett describes.

One other issue merits separate attention, namely, Gavett's allegations of bias on the part of the District Court Judge. We do have power to review by mandamus a district

4

court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a). In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). It is not entirely clear that Gavett presented a motion for recusal pursuant to § 455(a) in the District Court. We note, however, that he did cite and discuss § 455(a) in the document in which he presented his counterclaims. Accordingly, to the extent that he raised the issue in the District Court, we will review the District Court's decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d at 301 & n.12. Upon review, we conclude that mandamus relief is not warranted on the recusal issue because a reasonable person, with knowledge of all the facts, would not reasonably question the District Court Judge's impartiality. See id. at 302. Although Gavett complains about the rulings against him, a litigant's dissatisfaction with a judge's rulings does not require recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

In short, we will deny the petition for writ of mandamus.

5