CLD-117                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1048
_____


IN RE:  ALBERTO CONCEPCION,
                                                         Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 2:15-cv-07400)
_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
January 22, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges


(Opinion filed: February 5, 2016)
_____

OPINION*
_____

PER CURIAM

Petitioner Alberto Concepcion filed this petition for a writ of mandamus seeking

an order directing the United States District Court for the District of New Jersey to rule

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

upon each issue in his 28 U.S.C. § 2241 habeas petition, or alternatively, to investigate and respond to the alleged constitutional violations presented in that petition. For the following reasons, we will deny the mandamus petition.

A writ of mandamus is a drastic remedy that is properly invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To limit the use of the writ to such extraordinary circumstances, a petitioner must show: (1) both a clear and indisputable right to the writ, and (2) that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr, 426 U.S. at 403).

Here, there is no basis for granting the petition for a writ of mandamus. Concepcion's § 2241 habeas petition was filed with the District Court on October 5, 2015. By Opinion and Order dated November 9, 2015, the District Court dismissed Concepcion's habeas petition for lack of jurisdiction as an unauthorized second or successive 28 U.S.C. § 2255 petition. See 28 U.S.C. § 2255(h). To the extent Concepcion's mandamus petition is predicated upon a request that the District Court rule on his § 2241 habeas petition, his mandamus petition is now moot because Concepcion has already obtained the relief he sought. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

To the extent Concepcion's mandamus petition requests that this Court review the merits of his claim on the basis that he is dissatisfied with the result of the District

2

Court's ruling, we deny that request. It is well-established that mandamus is not an alternative to an appeal. <u>See</u> <u>Oracare DPO, Inc. v. Merin</u>, 972 F.2d 519, 523 (3d Cir. 1992). We also note that Concepcion filed a separate notice of appeal on November 30, 2015 regarding the denial of his § 2241 habeas petition. That appeal, docketed at C.A. No. 15-3894, is currently pending before this Court.

Thus, we conclude that there is no basis here for an extraordinary remedy, and we will deny the petition for a writ of mandamus.