**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2056
_____

IN RE: SEAN ROBINSON,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. No. 1:22-cv-01742)

_____

Submitted Pursuant to Fed. R. App. P. 21
on June 22, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: July 13, 2023)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Sean Robinson seeks a writ of mandamus. Because Robinson has

not demonstrated that he is entitled to such relief, we will deny his petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In June 2022, Robinson was sentenced to 80 months' imprisonment for firearms offenses. In November 2022, he filed an "Application and Petition for Extraordinary Remedy in Nature of Great Writ: Habeas Corpus Ad Subjiciendum," citing 28 U.S.C. § 1651(a) and arguing that he was entitled to earned time credits under the First Step Act[1] and, with those earned time credits, he should be immediately released from prison. The District Court construed the filing as a habeas corpus petition pursuant to 28 U.S.C. § 2241 and denied it.

In May 2023, Robinson filed a mandamus petition that was transferred to this Court. In his petition, Robinson maintains that the District Court acted outside the scope of its jurisdiction when it construed his filing as a habeas corpus petition pursuant to 28 U.S.C. § 2241, rather than a petition pursuant to 28 U.S.C. § 1651(a). Robinson also claims that the District Court improperly judicially amended the petition to include the United States Attorney for the Middle District of Pennsylvania as a new respondent when it ordered the Clerk of Court to list the address of the United States Attorney's Office on the docket sheet and required that the petition and other documents be served on the United States Attorney. Robinson requests that this Court declare the District Court's orders to be void and direct the District Court to consider his petition under § 1651(a), rather than § 2241.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally,

---

[1] The FSA authorizes eligible prisoners to earn time credits toward their sentence based on their participation in qualified programs and activities. See 18 U.S.C. § 3632(d)(4); Bottinelli v. Salazar, 929 F.3d 1196, 1197–98 (9th Cir. 2019) (describing the establishment of a "risk and needs assessment system").

mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (cleaned up). To obtain the writ, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up).

Robinson is not entitled to mandamus relief because he has not demonstrated that he has no other adequate means to attain relief. The District Court's order was a final order from which Robinson could have appealed. See 28 U.S.C. §§ 1291 and 2253(a). Mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); see also Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) ("Of course, we will not hold that Fortunato now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire.").

Accordingly, we will deny the mandamus petition.

3