CLD-022                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2724
_____

IN RE: SANDRA RUMANEK,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. Nos. 1:17-cv-00123 &. 1:12-cv-00759)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 2, 2023
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 9, 2023)
_____

OPINION*
_____

PER CURIAM

Sandra Rumanek lost an employment suit at trial and we affirmed the judgment on

appeal. <u>See</u> <u>Rumanek v. Indep. Sch. Mgmt., Inc.</u>, 619 F. App'x 71, 80 (3d Cir. 2015) (per

curiam). Years of unsuccessful post-judgment litigation culminated in the District Court's

enjoining Rumanek from further filings in the case. <u>See</u> <u>Rumanek v. Indep. Sch. Mgmt.,</u>

<u>Inc.</u>, DC Civ. No. 1:12-cv-00759, ECF No. 250 (D. Del. Aug. 12, 2022). We affirmed

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

that filing injunction. See Rumanek v. Indep. Sch. Mgmt. Inc., CA No. 22-2541, 2022 WL 18859515, at *1 (3d Cir. Nov. 4, 2022) (non-precedential order).

Separately, Rumanek lost a civil rights action when the District Court granted several dispositive motions. There, as in the employment action, the District Court imposed a filing injunction after a flood of unsuccessful post-judgment motions by Rumanek. See Rumanek v. Fallon, DC Civ. No. 1:17-cv-00123, ECF No. 174 (D. Del. May 20, 2022). We affirmed that filing injunction. See Rumanek v. Fallon, CA No. 22-2020, 2022 WL 16707070, at *1 (3d Cir. Nov. 4, 2022) (per curiam).[1]

The injunctions prompted Rumanek to file the pro se mandamus petition now before us. See Pet. 4 ("Rumanek has no further recourse in the district court as she cannot file further motions in that court."). In her petition, Rumanek requests that we address in the employment action a recusal issue that was already resolved against her, see Rumanek v. Indep. Sch. Mgmt. Inc., 744 F. App'x 43, 46 (3d Cir. 2018) (per curiam) ("[W]e conclude that any error by Judge Fallon in failing to self-disqualify was harmless."), and a purported immunity issue in the civil rights action that she could have raised on appeal of the District Court's judgment had she timely filed an appeal, cf. Rumanek v. Fallon, CA No. 19-2290, Doc. 48 (3d Cir. Feb. 11, 2020) (non-precedential order) (dismissing untimely appeal for lack of appellate jurisdiction); Rumanek v. Fallon, CA No. 19-2289, Doc. 53 (3d Cir. Feb. 6, 2020) (non-precedential order) (same).

---

[1] Both the May 20 and August 12, 2022 filing injunctions were imposed after we vacated earlier ones on procedural grounds. See Rumanek v. Indep. Sch. Mgmt. Inc., No. 21-1349, 2021 WL 5917102, at *2 (3d Cir. Dec. 15, 2021) (per curiam); Rumanek v. Fallon, CA No. 21-1348, 2021 WL 5917097, at *3 (3d Cir. Dec. 15, 2021) (per curiam).

Ultimately, Rumanek does not come close to satisfying the criteria for mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) ("Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances.") (citation and internal quotations omitted); see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (explaining that mandamus is a drastic remedy available only in extraordinary circumstances); Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) ("Of course, we will not hold that Fortunato now lacks adequate alternative means to obtain the relief he seeks simply because he allowed the time for an appeal to expire."); Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991) (explaining that mandamus is not a substitute for an appeal). Accordingly, her petition will be denied. Rumanek is reminded "that further meritless appellate filings will result in monetary sanctions." Rumanek v. Indep. Sch. Mgmt. Inc., CA No. 22-2541, 2022 WL 18859515, at *1 (3d Cir. Nov. 4, 2022) (non-precedential order).