CLD-099                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1318
_____

IN RE: ERIK VANDERBECK,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Cr. No. 3:15-cr-00165-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 4, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed:  April 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

       Pro se petitioner Erik Vanderbeck seeks a writ of mandamus related to his federal

criminal conviction.  We will deny his petition.

       In 2016, following a jury trial, Vanderbeck was convicted of federal crimes related

to the production and distribution of child pornography.  He was sentenced to 264

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

months' imprisonment. We affirmed his conviction and sentence. See United States v. Vanderbeck, 702 F. App'x 54 (3d Cir. 2017). Vanderbeck's post-conviction challenges were unsuccessful. See Vanderbeck v. United States, C.A. No. 19-3799; In re Erik Vanderbeck, C.A. No. 21-3065. Vanderbeck filed a petition for a writ of mandamus in this Court in 2022, which we denied. In re Erik Vanderbeck, C.A. No. 22-2741.

In February 2024, Vanderbeck filed another petition for a writ of mandamus in this Court, seeking to compel the Government to provide evidence that he communicated via email with a minor to produce pornography. He claims that, without that evidence, he should not have been found guilty of production of child pornography. Alternatively, he requests that we vacate his conviction on the production charges and grant him a new trial because that conviction was unsupported by evidence.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Vanderbeck has not made that showing. The argument that Vanderbeck raises now, like the argument he asserted in his previous mandamus petition, attacks his criminal conviction and could have been raised on direct appeal. As we explained in denying that petition, mandamus is not a substitute for an appeal, and "a writ of

2

mandamus may not issue if a petitioner can obtain relief by appeal."[1]  Madden v. Myers,

102 F.3d 74, 77 (3d Cir. 1996); see also Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523

(3d Cir. 1992) ("Of course, we will not hold that Fortunato now lacks adequate

alternative means to obtain the relief he seeks simply because he allowed the time for an

appeal to expire.").  Accordingly, we will deny Vanderbeck's mandamus petition.

---

[1] To the extent Vanderbeck attempts to raise a claim under Miranda v. Arizona, 384 U.S. 436 (1966), that claim fails for the same reason.