**DLD-064**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3316
_____

IN RE: ANTHONY K. BAILEY,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:18-cv-01188)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 16, 2025

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed June 11, 2025)
_____

OPINION[*]
_____

PER CURIAM

Anthony Bailey petitions this Court for a writ of mandamus pursuant to 28 U.S.C.

§ 1651, seeking relief from the District Court's dismissal of his employment action for

lack of subject-matter jurisdiction. We will deny his petition.

In 2022, we vacated and remanded the District Court's dismissal of Bailey's New

Jersey Wage Theft Act claim against NRG Energy, Inc., but we affirmed the District

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Court's dismissal of Bailey's other claims. See Bailey v. Millenium Grp., No. 21-1752, 2022 WL 3754617 (3d Cir. Aug. 30, 2022). On remand, the District Court declined to exercise supplemental jurisdiction over Bailey's wage theft claim and dismissed the claim for lack of subject-matter jurisdiction. Bailey filed a petition for writ of mandamus, arguing that the District Court erred in finding that it lacks subject-matter jurisdiction, and that the District Court disobeyed our mandate by dismissing the wage-theft claim on an alternative basis.

Mandamus relief "is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). To obtain mandamus relief, Bailey must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." See id. "[A] writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (cleaned up).

Here, Bailey could have directly appealed from the District Court's final order dismissing his wage-theft claim for lack of subject-matter jurisdiction. Bailey filed his mandamus petition on December 16, 2024, about one month past his deadline to timely appeal.[1] We will not find that Bailey "now lacks adequate alternative means to obtain the

---

[1] The District Court entered its opinion and final order on October 16, 2024. Bailey's deadline to timely appeal was November 15, 2024. See Fed. R. App. P. 4(a)(1)(A).

relief he seeks simply because he allowed the time for an appeal to expire." See Oracare

DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).[2]

Consequently, we deny Bailey's petition for writ of mandamus.

---

[2] Even if mandamus were an appropriate avenue for relief, the District Court did not ignore our mandate by dismissing Bailey's wage theft claim on an alternative basis not foreclosed by our opinion.