**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2823

_____

IN RE: VINCENT VICTOR ROGGIO,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:08-cv-04991)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on November 20, 2025

Before: BIBAS, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: December 12, 2025)

_____

———————

OPINION*

———————

PER CURIAM

Vincent Roggio petitions this Court for a writ of mandamus pursuant to 28 U.S.C. § 1651. He primarily requests that we compel the District Court to docket certain post-judgment filings. We will deny his petition.

In 2008, Roggio filed a civil lawsuit alleging that the FBI violated his rights under the Privacy Act and the Fifth Amendment by improperly disseminating his criminal record. In 2012, the District Court entered judgment in favor of the FBI. Roggio did not appeal that decision.

In 2023, Roggio moved to reopen his case and nullify the District Court's 2012 opinion and order pursuant to Rule 60(b) and (d) of the Federal Rules of Civil Procedure. The District Court denied his Rule 60 motion as meritless and all other pending motions as moot. The District Court subsequently denied Roggio's motion for reconsideration in May 2025. Roggio did not appeal those decisions.

Instead, on June 12, 2025, Roggio filed a notice and motion "for Recusal and Vacatur." ECF No. 212. According to a docket notation, the District Court updated that docket entry on June 17, 2025, to add a memorandum and attachments titled "Plaintiffs' Memorandum of Law in Support of Motion for Recusal . . . and Vacatur of Prior Rulings

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Pursuant to Fed. R. Civ. P. 60(b)(4) and 60(d)(3)." ECF No. 212-1. On June 16, the District Court "administratively terminated" this motion for recusal and vacatur, noting that the case was already closed. A few days later, Roggio filed a "Motion to Compel Docketing and Clarify Status of Post-Judgment Motions." ECF No. 214. The District Court administratively terminated that motion, too, again noting that the case was closed.

In September 2025, Roggio filed a pro se petition for writ of mandamus in this Court. Roggio's mandamus petition requests that we: (1) direct the District Court to docket the post-judgment motions, memoranda, and exhibits as he intended to file them, and backdate them to June 12, 2025; (2) "[d]irect[] the District Court to clarify on the record the status of those motions and whether they were denied, deemed procedurally barred, or otherwise rejected"; and (3) grant any other relief that could "ensure a complete record" and protect his due process rights. C.A. No. 1 at 39-40. Roggio incorrectly asserts that the District Court did not docket his memorandum supporting his motion for recusal and vacatur. Compare ECF No. 212-1, with C.A. No. 1-2 at 3-186. However, Roggio presents a copy of a second "Memorandum of Law in Support of Rule 60 Motion to Vacate" that does not appear on the District Court's docket, although the District Court seemingly stamped it on June 12, 2025. See C.A. No. 1-2 at 187.

To obtain a writ of mandamus, Roggio must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024). Roggio's requests do not warrant the "extreme remedy" of mandamus relief, which is "reserved for only the most extraordinary situations." See id. (cleaned up).

3

Even if we assume that the District Court erred in failing to docket Roggio's second memorandum[1] or in summarily administratively terminating Roggio's motion for recusal or vacatur, Roggio has shown no likelihood of irreparable injury here. Notably, Roggio implies that we should compel the District Court to docket his Rule 60 memorandum so that he can transmit the record for an appeal. However, no injury has occurred there, because his time to appeal from the District Court's order administratively terminating his motion for recusal or vacatur lapsed before he filed the instant mandamus petition.[2] We decline to afford Roggio the review he could have obtained through a properly filed appeal,[3] and instead generally conclude that (1) Roggio's "displeasure with legal rulings" was an inadequate ground for Judge Salas's recusal, see SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); and (2) even considering the undocketed Rule 60 memorandum, Roggio has not shown a clear and indisputable right to relief or a likelihood of irreparable harm with respect to the District Court's

---

[1] We are confident that, if Roggio re-files the document in the District Court, the Court will place it on the docket.

[2] The June 16 order administratively terminating Roggio's motion for recusal or vacatur was a final, appealable order. See Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013) (considering the context and content of an administrative termination to determine whether it is final and appealable); Torres v. Chater, 125 F.3d 166, 167-68 (3d Cir. 1997) (concluding that the denial of a Rule 60 motion is final and appealable if the Rule 60 motion pertains to a final order). Roggio's 60 days to appeal from the District Court's administrative termination of his motion for recusal or vacatur lapsed in August, before he filed the instant mandamus petition.

[3] Generally, mandamus relief is not due where relief could have been sought through an ordinary review, and a litigant has merely allowed the time for that appeal to expire. See In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012); Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).

4

termination of his serial Rule 60 motion, which is focused mainly on attacking his 1987 criminal conviction (not the underlying civil judgment regarding the FBI's alleged disclosure of Roggio's criminal record) and relitigating his grievances about the first round of Rule 60 proceedings.

Consequently, we deny Roggio's mandamus petition.