DLD-095                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1141
_____

IN RE: AARON CORBIN MAZIE,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. Nos. 2:26-cv-00044; -00047; -00048; -00064; -00065;
-00066; -00067; -00113)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 12, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: May 1, 2026)
_____

OPINION*
_____

PER CURIAM

In January 2026, petitioner Aaron Corbin Mazie filed numerous complaints in the

District Court.  *See* E.D. Pa. Civ. Nos. 2:26-cv-00044; -00047; -00048; -00064; -00065;

-00066; -00067; -00113.  In each case, the District Court revoked Mazie's privilege to

use the Court's Electronic Document Submission Tool (EDS) and directed him to file his

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

documents by hand or mail. The District Court also denied without prejudice Mazie's applications to proceed in forma pauperis (IFP) because he had not provided sufficient financial information. The District Court ordered him to either complete his IFP applications or pay the filing fees within fourteen days. When he failed to do so, the District Court dismissed the complaints without prejudice for failure to prosecute.

Mazie then filed this mandamus petition claiming that the District Court has effectively deprived him of his constitutional right to access the courts. He asks us to (1) issue a writ declaring that the filing restriction constitutes a constructive denial of access to the courts and (2) order the District Court to "provide a constitutionally adequate method for [him] to file pleadings and effect service despite indigency." Pet. 4, ECF No. 1-1.

Mandamus is an extraordinary remedy that may not be used as a substitute for appeal. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378–79 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." *Id.* (quoting *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380–81 (2004)).

Mazie has not shown that he has no other adequate means to attain the relief he seeks given that he may challenge the District Court's order limiting his use of the EDS through the normal appeal process. *Cf. Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (asserting jurisdiction over challenge to filing injunction after final order was entered). Moreover, to the extent that he may be unable to perfect timely appeals of those

2

orders, mandamus relief does not become available merely because he allowed the time for an appeal to expire. *Oracare DPO, Inc. v. Merin*, 972 F.2d 519, 523 (3d Cir. 1992).

Accordingly, we will deny the petition for a writ of mandamus. All pending motions are denied.

3