**\*AMENDED CLD-085**                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4326
_____

IN RE:  ASHISH PAUL,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Criminal No. 2-cr-000773-002
and D.N.J. Civil No. 09-3422)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January, 12, 2012

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: February 22, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Ashish Paul, a federal prisoner, has filed a petition for a writ of mandamus under

28 U.S.C. § 1651, seeking to compel the District Court to vacate his criminal judgment.

\*The government has filed a motion asking us to summarily deny the petition.  For the

following reasons, we will grant the government's motion and deny Paul's petition.

        In 2007, Paul pleaded guilty to one count of conspiracy to commit money

laundering in violation of 18 U.S.C. § 1956(h).  As part of the plea agreement, Paul

waived his right to any appeal or collateral attack provided that the District Court's sentence fell within the range prescribed by the United States Sentencing Guidelines. The Court sentenced Paul to 60 months' imprisonment, which falls within the applicable Guidelines range.

In July 2009, Paul filed a motion under 28 U.S.C. § 2255, arguing that his plea agreement rested on a misapplication of § 1956, that he received ineffective assistance of counsel in numerous respects, that the sentence was harsher than he had anticipated, and that the government engaged in prosecutorial misconduct. The government responded by arguing that the District Court should enforce the waiver provision in the plea agreement and thus deny Paul's motion. On September 2, 2010, the District Court entered an opinion and order that denied Paul's motion. The Court concluded that Paul had knowingly and voluntarily agreed to the waiver provision, and that enforcing the provision would not result in a miscarriage of justice. See generally United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001).

Paul did not seek to appeal the District Court's order. Instead, on December 1, 2011, he filed the mandamus petition at issue here. He argues that the District Court committed numerous "clear and grievous errors" in denying his § 2255 motion. More specifically, he reiterates each substantive argument that he presented in his § 2255 motion and contends that the government should have been required to address his claims on the merits rather than merely arguing that the waiver provision barred his claims.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court for N. Dist.

2

of Cal., 426 U.S. 394, 402 (1976). Mandamus traditionally may be "used . . . only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotation marks omitted). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks, alteration omitted).

Here, Paul presents only claims that he could have presented on appeal. However, mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). That is, a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal." Helstoski v. Meanor, 442 U.S. 500, 506 (1979). Thus, Paul is not entitled to the relief that he seeks. Moreover, while it may no longer be possible for him to perfect a timely appeal, mandamus relief does not become available merely because the petitioner "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).[1]

---

[1] As noted above, we read Paul's mandamus petition to be limited to challenging the District Court's disposition of his § 2255 motion. However, to the extent that he seeks to present new claims, the same result obtains. If Paul wishes to file a second § 2255 motion, he must comply with the gatekeeping requirements prescribed by § 2255(h) and 28 U.S.C. § 2244. He may not use a mandamus petition to evade these requirements. Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Baptiste, 223

3

Accordingly, we grant the government's motion and will deny Paul's petition.

F.3d 188, 189-90 (3d Cir. 2000) (per curiam).